IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICK JOHN,

        Plaintiff,

v.

ESSENTIA INSURANCE COMPANY,

        Defendant.

Civil No. 23-310-PJM

**MEMORANDUM OPINION**

Plaintiff Patrick John ("John") has sued Defendant Essentia Insurance Company ("Essentia") for breach of contract. Before the Court is John's Motion to Remand to State Court (ECF No. 10). Essentia opposes the Motion (ECF No. 11). For the reasons that follow, no hearing being necessary, the Court **DENIES** Plaintiff's Motion to Remand.

John, a citizen of Maryland, held an insurance policy issued by Essentia, a corporation domiciled in Missouri and Virginia, for $543,000 total coverage of two Porsche vehicles. The vehicles were apparently stolen from John's garage on January 2020, prompting him to file a claim with Essentia. After a year-long investigation, Essentia declined to pay the claim on the bases of fraud and a lack of insurable interest. Accordingly, on December 19, 2022, John sued Essentia for breach of contract in the Circuit Court for Prince George's County, Maryland.

The parties apparently do not dispute that (1) John properly served the Maryland Insurance Commissioner as Essentia's statutory agent pursuant to Md. Code Ann., Ins. § 4-107 on December 22, 2022, and (2) that the Commissioner forwarded the service to Essentia on January 3, 2023. Then, on February 3, 2023, Essentia removed the lawsuit to the U.S. District Court for the District of Maryland on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). On March 3, 2023, John filed the instant Motion to Remand to State Court. His chief argument in support of remand is

1

that removal was not timely pursuant to 28 U.S.C. § 1446(b) because it was not filed within 30 days of December 22, 2022, when the commissioner was served. Essentia opposes remand, arguing that the 30-day period did not start until January 4, 2023, when it actually received notice of the lawsuit.

Per 28 U.S.C. § 1446(b), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, or a copy of the initial pleading." The parties dispute whether that 30-day period starts (1) when a statutory agent is served, or (2) when the defendant actually receives the complaint.

*Elliott v. American States Insurance Company* is controlling here. In *Elliott*, the Fourth Circuit held that service on a statutory agent alone does not trigger the 30-day period for removal. 883 F.3d 384, 394 (4th Cir. 2018). Thus, while the Commissioner accepted service in their capacity as Essentia's statutory agent on December 22, 2022, the time for removal did not begin to run until January 3, 2023, when Essentia actually received the complaint from the Commissioner. Therefore, Essentia's removal of the case on February 3, 2023 was timely.

John's argument that *Elliott* is distinguishable because it was based on North Carolina law is unavailing. Even if it is true, as John argues, that North Carolina, unlike Maryland, does not recognize service upon the Commissioner as a primary method of serving an insurer, the Court does not see why such a distinction is meaningful. Further, the Fourth Circuit in *Elliott* essentially adopted its earlier unpublished opinion holding that service on a statutory agent pursuant to Md. Code Ann., Ins. § 4-107 (the state statute at issue here) did not trigger the removal period. *Id.* at 392 (citing *Gordon v. Hartford Fire Ins. Co.*, 105 Fed. App'x 476, 480–81 (4th Cir. 2004)).[1]

---

[1] John also argues that remand is warranted because Essentia failed to include the affidavit of service in its notice of removal. Essentia disputes whether it was required to include this document in its submission. Regardless, the Court exercises its discretion to allow Essentia to cure any defect in lieu of remanding the case. *See Sherman v. Sigma Alpha Mu Fraternity*, 128 F. Supp. 2d 842, 846–47 (D. Md. 2001).

2

Accordingly, Plaintiff's Motion to Remand to State Court (ECF No. 10) is **DENIED**.

A separate Order will ISSUE.

Date: March 28, 2023

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE